| | |
|---|---|
| 1  Russell Brown<br>   CHAPTER 13 TRUSTEE<br>2  Suite 800<br>   3838 North Central Avenue<br>3  Phoenix, Arizona 85012-1965<br>   602.277.8996<br>4  Fax 602.253.8346 | |

1 Russell Brown
CHAPTER 13 TRUSTEE
2 Suite 800
3838 North Central Avenue
3 Phoenix, Arizona 85012-1965
602.277.8996
4 Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>JOHN R. VOWELL,<br><br>and<br><br>PATRICIA A. VOWELL,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-09-BK-05844 GBN<br><br>**TRUSTEE'S RECOMMENDATION ON AMENDED PLAN**<br><br>(1/18/10) |

The Trustee has reviewed the Amended Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) The Trustee has a disposable income objection as the B22C Form is incorrect in nearly all respects. Examples: Line 1 shows the Debtors' net incomes, not the gross incomes; Line 30 is zero; Line 47 has no applicable amounts; Line 48 has no applicable amount; and Line 50 has no amount.

(2) The proofs of claim filed by Chase Home Finance and Household Realty Corporation differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding

requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

(3) Chase Home Finance has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(4) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2009 through 2011 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

SUMMARY: Pursuant to Local Rule 2084-10, **by January 18, 2010,** Debtors are to file a correct B22C Form and resolve the claims issues and plan objection all as outlined above, or the Trustee could lodge a dismissal order. If the parties resolve the disposable income issue, the Trustee

would require an order confirming plan at that time which meets the requirements of this Recommendation.

Copy mailed to:

John R. Vowell
Patricia A. Vowell
11426 North 58th Avenue
Glendale, Arizona    85304
Debtors

Joseph W. Charles
Attorney at Law
P.O. Box 1737
Glendale, Arizona    85311
Attorney for Debtors